**DADE COUNTY v. TAICH, et al.**
No. 69-6088.
Circuit Court, Dade County.
April 30, 1969.

Toby Prince Brigham of Brigham & Brigham, Miami, for the defendant, R. Blank Construction Co.

Thomas C. Britton, County Attorney, John G. Fletcher, Assistant County Attorney, for the petitioner.

MILTON A. FRIEDMAN, Circuit Judge.

*Order on motions:* This cause came on to be heard upon the petitioner's motion requiring mutual concurrent exchange of valuation data — parcel nos. 4 and 7; and the petitioner's motion to suppress and quash subpoenas; to continue and postpone the taking of depositions of county expert witnesses until defendants have completed preparation of appraisal reports and exchanged said reports with the county; and the defendant's written response to each of said motions; and the court having heard argument of counsel and being fully advised in the premises,

It is considered, ordered and adjudged that the controlling provisions of Rules 1.010, and 1.280 of the Florida Rules of Civil Procedure; §73.012, Florida Statutes; and §§2, 9 and 21 of article 1 of the 1968 Revision of the Florida Constitution, together with the decision of the Supreme Court of Florida in Shell v. State Road Department, 135 So.2d 857, properly construed, do not require a *concurrent* mutual exchange of valuation data nor do they prohibit the defendant in eminent domain proceedings, such as the above styled cause, from taking the depositions pursuant to notice and subpoena duces tecum of the petitioner's expert real estate appraisers, as is sought to be done in this case, after suit is filed but

before the defense has achieved completed appraisals and preparation of his case. Accordingly, it is further considered, ordered and adjudged that the said motions of the petitioner in the above styled cause each be and the same are hereby denied and the defendant may proceed with its discovery pursuant to the Florida Rules of Civil Procedure.